GEORGE B. THOMPSON, Plaintiff in Error, v. KAN-
SAS CITY WESTERN RAILWAY COMPANY,
Defendant in Error.

Kansas City Court of Appeals, February 21, 1910.

1. **PERSONAL INJURIES**: Release: Plea in Bar: Dismissal.
Plaintiff sued for damages for personal injuries. Defend-
ant filed answer, which answer included a plea in bar of
plaintiff's suit because of a release executed by him. The issue
on this plea was submitted to the Court and under the evidence
the plea was properly sustained and the suit dismissed.

2. **PERSONAL INJURIES**: Release: Failure to Read no Ground
for Cancellation: Mutual Mistake. Under the evidence the
court properly found that the release should not be set aside
on the ground that plaintiff supposed he was merely executing
a release for damages to his clothing, or that there was a
mutual mistake between him and the defendant as to the ex-
tent of plaintiff's injuries. The mistake made was plaintiff's
failure to read the release before executing it.

3. **PRACTICE**: Plea in Bar: Dismissal. After sustaining defend-
ant's plea in bar the court properly dismissed the suit. If the
cause of action was barred there was nothing to try.

Error to Jackson Circuit Court.—*Hon. James H. Slo-
ver,* Judge.

AFFIRMED.

*Charles R. Pence* for plaintiff in error.

(1) The court erred in dismissing plaintiff's peti-
tion and rendering final judgment for defendant. Only
the equitable issue of mutual mistake in the execution
of the release was submitted to the court for determi-
nation. It was the plaintiff's right to have a jury trial
of the remaining issues or of such other issues as might
have been made by amended or additional pleadings.
The court was not authorized to render final judgment
in the cause, and the judgment is erroneous on the
record. Russell v. Railroad, 154 Mo. 428; Cardwell
v. Stuart, 92 Mo. App. 586; Roberts v. Lead Co., 95
Mo. App. 581. (2) The court erred in finding that

the release was a valid and effectual release of the plaintiff's cause of action. The issue was whether it was subject to rescission on the ground of ignorance and mistake in its execution. That issue should have been decided in favor of the plaintiff on the evidence adduced. Adam's Equity (6 Am. Ed.), 188; 1 Story's Eq. Juris. (4 Ed.), secs. 140, 145, 155; Bispham's Equity (6 Ed.), secs. 190, 191, 469; Wald's Pollock on Contracts (3 Ed.), top page 592, 605, et seq.; 20 Am. and Eng. Ency. of Law (1 Ed.), p. 745; Blair v. Railroad, 89 Mo. 383; Cunningham v. Union C. and S. Co., 82 Mo. App. 607; Railroad v. Deashiell, 198 U. S. 521; Railroad v. Artist, 60 Fed. Rep. 365; Great Northern v. Fowler, 136 Fed. 118; Bliss v. Railroad, 160 Mass. 447; Lusted v. Railroad, 71 Wis. 391; Roberts v. Railroad, 1 Foster and Finlason's Rep. 460; Story v. Gammell, 94 N. W. Rep. 982; Taylor v. Godfrey, 59 S. E. Rep. 631.

*Scarritt, Scarritt & Jones* for defendant in error.

BROADDUS, P. J.—This is a suit for damages alleged to have been sustained by plaintiff by reason of the negligence of the defendant while he was a passenger on its railroad.

The plaintiff alleges that he was injured in a collision which occurred on the night of September 14, 1905. He states that his injuries consisted of bruises upon his shoulder and shin and on his face under the left eye.

In about a week afterward plaintiff's claim agent called upon plaintiff at which time the plaintiff in consideration of the sum of thirty dollars, executed a paper releasing defendant from damages he had suffered or might suffer in the future on account of said collision.

Among other defenses defendant set up said release as a bar to plaintiff's right of recovery.

The plaintiff in reply to this plea of defendant recites: That at the time of the execution of said release he stated to the agent of defendant, that while he had recived certain bruises in said collision he did not consider them sufficiently important to make any claim for damages therefor, and that he made no claim for them; but that he stated to the agent that his suit of clothes had been ruined by mud and water while he was attending to injured passengers and that he thought he ought to be compensated therefor; that by agreement the sum of thirty dollars was agreed upon as the value of said clothes and the agent delivered to him a check for that amount and requested plaintiff to sign a paper as evidence of the receipt of said sum and of a settlement of his claim, and that he signed the same. He asks for relief on the ground that he ought not to be bound by the terms of the release because he was in ignorance of the injury to the bones of his face at the time he signed said paper and that defendant's agent was likewise ignorant of that fact; and that he would not have signed the paper if he had been aware of his said injury, and that the release was signed by mutual mistake and ignorance of the parties, and he asks that it be set aside.

By agreement of the parties the issue raised on the plea in bar was submitted to the court. The finding was for the defendant and plaintiff's petition was dismissed. The plaintiff sued out his writ of error.

There are two questions raised by appeal: First that the court committed error in its finding, on the issue raised on the plea in bar; and second the court erred in dismissing his petition without a hearing on the merits.

In order to give a correct view of the case we refer to certain portions of the release, viz.:

"Witnesseth: That whereas there is a controversy existing between the parties hereto, arising out of a claim made by the party of the first part that he has

been injured and has suffered damages by reason of
the wrongful act and negligence of the party of the
second part, and the disclaimer and denial of the party
of the second part that it is in any way responsible or
liable to the party of the first part for any injuries
or damages that he so claims to have suffered; and

"Whereas, both parties, in order to avoid further
controversy and litigation and to save costs and secure
peace, desire to settle and adjust said controversy and
all claims for damages of every kind that have been or
that can be asserted by one against the other on ac-
count of any matter whatever to the date of this agree-
ment."

Then follows a full release for an acknowledged
consideration of thirty dollars, paid.

Plaintiff in his evidence stated, that there was
a contusion on his face beside other injuries and said:
"I was generally shook up and sore, so that I was in
bed most of the following day, which was Saturday, I
believe. The next day I was up and around and wasn't
back to bed any more on account of the bruises I had
received, and was getting along, as I thought, all right.
Every now and then I felt a sharp pain in my face,
but paid no attention to it because I thought it was
the result of the bruises I had received." Continu-
ing he stated, that some days afterwards the defend-
ant's claim agent came to him and asked him about
his making out a claim for personal damages; that he
told him he had no such claim to make; that his inju-
ries were slight, but that he had ruined a suit of clothes
and it was fair and agreeable to him that he be com-
pensated for them; but that he made no claim for per-
sonal damages. That the agent said that that was
satisfactory and asked him what was the value of the
suit of clothes; that he told him thirty dollars; that
the agent said he would bring him a check for the sum
in a few days, which he did, when plaintiff again said
to the agent that he was not asking for any personal

damages and that he signed the instrument under the impression that it was a release, for a suit of clothes. His evidence is that on the next day the pain in the region of the injury on his face increased and became more violent. Subsequent examination proved that an abscess had formed under the autrum, which is a bony cavity just under the eye.

The evidence of the agent tends to show that the release was intended to cover plaintiff's personal injuries as well as the damages to his suit of clothes. A Mr. Richardson who was present at the time of the agreement to settle, testified that it also included plaintiff's personal injuries. The plaintiff did not read the instrument, although he was a man of education as he was a regular practicing physician.

The plaintiff in error insists that the release was the result of mutual mistake and that the court on the evidence should have so found. We believe otherwise. The mistake, if any, was the failure of the plaintiff in error to read the paper before he executed it. Had he done so he could not have failed to know that he was adjusting his claim for damages for personal injuries. The request of the plaintiff in error to set aside the release, after all, amounts to an appeal to a court of equity to afford him relief on the ground that as he had not read it he did not know what it contained.

Furthermore the preponderance of the evidence is that he did know what he was signing and that it was the intention of the parties to adjust his claim for any injury he may have sustained. And we do not think that the court committed error in dismissing plaintiff's case after its judgment sustaining the plea in bar. Logically speaking if his cause of action was barred it no longer existed. There was nothing to try.

If authority is needed to support this view we refer to the case of Miller v. St. L. & K. C. Ry. Co., 162 Mo. 424. Affirmed. All concur.